UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RECOGNICORP, LLC,

    Plaintiff,

v.   Case No. 8:12-cv-1491-T-33TBM

DATA DESIGN INTERACTIVE, LLC,
et al.,

    Defendants.
_____/

### **ORDER**

This matter comes before the Court in consideration of Plaintiff Recognicorp's Motion for Default Judgment (Doc. # 24), filed on April 9, 2013. For the reasons that follow, the Motion is granted in part and denied in part.

### I.   **Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). <u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

"Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." Enpat, 773 F. Supp. 2d at 1313 (citing Fed. R. Civ. P. 55(b)(2)).

**II. Discussion**

    **A. Infringement**

Recognicorp initiated this infringement action on July 5, 2012. (Doc. # 1). The Complaint alleges that on August 23, 2011, United States Patent No. 8,005,303 ("the '303 patent"), entitled "Method and Apparatus for Encoding/Decoding Image Data," was issued by the U.S. Patent and Trademark Office, and that "Recognicorp is the assignee and owner of the right, title and interest in and to the '303 patent." Id. at 3.

Additionally, Recognicorp claims that Defendant Data Design Interactive[1] has infringed and continues to infringe the '303 patent by making, using, or offering for sale certain "Accused Services and Products" -- namely, the "NuYu Editor" -- without Recognicorp's authorization. Id. Recognicorp claims that "features of the NuYu Editor that infringe one or more of the claims of the '303 Patent include providing the ability to customize a player called a NuYu that allow[s] the selection of a facial feature, incorporation of the facial feature into a composite image, and instructions for modifying the selected facial feature

---

[1] The Complaint originally named both "Data Design Interactive, LTD" and "Data Design Interactive, LLC" as defendants in this matter. However, on January 28, 2013, Recognicorp filed a Notice of Voluntary Dismissal as to Defendant Data Design Interactive, LTD. (Doc. # 14). Thus, Data Design Interactive, LLC is the only remaining defendant in this action.

that has been incorporated into the composite image." <u>Id.</u> at 3-4. Lastly, Recognicorp claims to have been harmed by Data Design's allegedly infringing activities. <u>Id.</u> at 4.

Data Design has failed to plead or otherwise defend in this matter, and a clerk's default was accordingly entered against Data Design on February 8, 2013. (Doc. # 21).

In this case, the factual allegations in the Complaint, taken as true, are sufficient to establish that Data Design is liable for infringement of the '303 patent under 35 U.S.C. § 271(a). The Court accordingly finds that Data Design infringed and continues to infringe the '303 patent in violation of 35 U.S.C. § 271.

**B.   Royalty**

Recognicorp's Complaint contains the following requests, among others, in its "Prayer for Relief": (1) an adjudication that each Defendant has infringed the '303 patent; (2) an award of damages "adequate to compensate Recognicorp for its past infringement," as well as any continuing or future infringement through the date of this Court's entry of judgment; (3) "an injunction ordering each Defendant . . . to pay an ongoing royalty in an amount to be determined" for any continuing infringement; and (4) "a declaration that this case is exceptional under 35 U.S.C. §

4

285, and an award of Plaintiff's reasonable attorneys' fees." (Doc. # 1 at 4).

However, in the Motion for Default Judgment, Recognicorp claims that "the inaccessibility of direct sales data for Data Design or volumes of infringing activity warrants the imposition of a 12% ongoing royalty in this case," and that "[c]ourts routinely hold that awarding an ongoing royalty for patent infringement in lieu of an injunction is appropriate." (Doc. # 24 at 2). Thus, of the various forms of relief requested in the Complaint, Recognicorp's Motion for Default Judgment appears to request only "a running royalty of 12% for all future sales of the accused products." Id. at 3.

As an attachment to the Motion for Default Judgment, Recognicorp submits "[a] recent report on patent royalty rates by industry from PriceWaterhouseCoopers," which "indicates that average rates in the computer software industry were 12%, [and average rates were] 13% in the toys and games industry." Id. Based on this source, Recognicorp concludes that "[c]onservatively, . . . a 12% ongoing royalty is justified here." Id.

At this juncture, the Court lacks evidence sufficient to grant Recognicorp's request. The relevant evidence of

record, consisting entirely of a single page excerpted from a publication entitled "Valuation of Intellectual Property Assets" (Doc. # 24-2), is insufficient to establish that Recognicorp should be awarded a 12% royalty on all of Data Design's sales of future infringing products. Additionally, of the cases relied upon by Recognicorp to support the requested royalty award, not one involves a court's exclusive reliance upon a "valuation of intellectual property assets" to determine what royalty amount would be reasonable under the circumstances.

Accordingly, the Court directs Recognicorp to file, on or before April 30, 2013, additional documentation and a memorandum of law to enable the Court to determine the appropriate amount, if any, of the ongoing royalty to be awarded in this case. Additionally, Recognicorp is directed to submit further briefing regarding potential entitlement to attorney fees pursuant to 35 U.S.C. § 285.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Default Judgment (Doc. # 24) is **GRANTED in part and DENIED in part**. Plaintiff is granted leave to submit, on or before April 30, 2013, additional documentation and a memorandum of law to enable the Court

6

to determine the appropriate amount, if any, of the ongoing royalty to be awarded in this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of April, 2013.

                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record